# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CASE NO.:

ELIZABETH CORBETT,

    Plaintiff,

v.

S.P.C.A. OF NORTH BREVARD, INC.,
a Florida Not For Profit Corporation,

    Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL WITH DECLARATORY RELIEF REQUESTED

Plaintiff, ELIZABETH CORBETT ("Plaintiff" or "Ms. Corbett"), by and through his undersigned counsel, files this Complaint against Defendant, S.P.C.A. OF NORTH BREVARD, INC. ("Defendant" or "SPCA"), and states as follows:

### NATURE OF THE SUIT

1. This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, declaratory relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

### PARTIES, JURISDICTION, AND VENUE

2. Ms. Corbett was an employee who performed services on behalf of

1

Defendant in Titusville, Brevard County, Florida.

3. SPCA is a Florida not for profit corporation located in Brevard County, Florida, and which, at all times relevant, performed work in Brevard County, Florida.

4. Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Brevard County, Florida, and Defendant's headquarters are located in Brevard County, Florida.

## **FLSA COVERAGE**

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was a resident of Brevard County, Florida.

8. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

9. At all times material hereto, Defendant was Plaintiff's "employer"

within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, Defendant operates an animal shelter in Brevard County, Florida.

13. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

14. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

15. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as pets, and other animal caregiving supplies, but which had come to rest within its headquarters sites in Brevard County, Florida.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business without Foster Coordinators like Plaintiff.

## FACTUAL ALLEGATIONS

17. Ms. Corbett worked for Defendant as Foster Coordinator in Broward County, Florida, from October 31, 2013, until her separation from Defendant on January 21, 2022.

18. Throughout her time with SPCA, Ms. Corbett was paid an hourly rate of $17.75, and was not paid any overtime premium no matter how many hours in excess of forty (40) she worked in a given week.

19. Ms. Corbett's activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

20. Ms. Corbett had no authority to hire or fire employees of SPCA.

21. Ms. Corbett had no authority to discipline employees of SPCA.

22. Ms. Corbett had no authority to set rates of pay for other employees or agents of SPCA.

23. Ms. Corbett had no input into performance reviews of other employees or agents of SPCA.

24. All of Ms. Corbett's major decisions had to be cleared in advance by one of SPCA's supervisors.

25. Ms. Corbett was closely monitored by SPCA's managers and supervisors at all times.

26. Ms. Corbett followed procedures established by SPCA and did exactly as she was instructed to do.

27. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

28. Plaintiff regularly worked fifty (50) or more hours per week for Defendant during his employment with Defendant.

29. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during his employment with Defendant.

30. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay her for all overtime hours worked.

31. Defendant consistently failed to pay Plaintiff anything at all for overtime hours that she worked during his employment.

32. Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

33. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

34. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

35. Prior to violating the FLSA, Defendant did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

36. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

37. Based on the allegations in Paragraphs 34-36, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

38. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

39. Plaintiff reincorporates and re-alleges paragraphs 1 through 42 of the Complaint as though set forth fully herein, and further alleges as follows:

40. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

41. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

42. Plaintiff was not an exempt employee as defined by the FLSA, and was instead a non-exempt employee as defined by the FLSA.

43. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour

worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages, in addition to incurring reasonable attorneys' fees and costs.

44. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

   a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

   b. Award Plaintiff overtime compensation in the amount due to her for time worked in excess of forty (40) hours per work week;

   c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

   d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   e. Award Plaintiff pre-judgment interest; and order any other and further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

DATED this 29th day of March, 2022.

Respectfully submitted,

**By: /s/Andres Kroboth**
Andres Kroboth, Esq.
Florida Bar No. 1016483
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: andres@floridaovertimelawyer.com
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*